```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

ACHILLES EFTHIMIOUS,           )
         Petitioner,           )
                               )
     v.                        )  C.A. No. 04-11831-NMG
                               )
JOHN ASHCROFT,                 )
         Respondent.           )
```

<u>MEMORANDUM AND ORDER</u>

For the reasons stated below, this action will be dismissed.

<u>FACTS</u>

On August 9, 2004, Judge Block of the Eastern District of New York transferred this habeas action to this Court.  Docket No. 3.  The transfer order also stated that the "petitioner's motion for a stay of deportation is granted" and directed the clerk of that court to mail copies of the order to all parties.  <u>Id.</u>  It appears that the record was certified by a deputy clerk of the Eastern District of New York on August 12.  <u>Id.</u>  The record was not received by this Court until August 16, 2004.

In the petition, Achilles Efthimious, an immigration detainee at FDC Oakdale, challenges his removal order on the ground that he is eligible for a Section 212(c) waiver of deportation.  He alleges that he was convicted of rape by a jury in Massachusetts in 1987 and received a 10-year sentence with a recommendation of release after one year of confinement.  Petition, p. 6.  Efthimious claims that although he was offered a plea, he did not accept it and went forward

with his criminal trial because he thought that he would still be eligible for a Section 212(c) waiver of removal despite any conviction. Id.

On February 19, 2004, an immigration judge held that Efthimious's rape conviction constituted an "aggravated felony," denied his request for a Section 212(c) waiver, and ordered him removed. Petition, Ex. C. It appears that Efthimious was represented by counsel at those proceedings. Id. The Board of Immigration Appeals ("BIA") affirmed the immigration judge's decision in a per curiam order dated June 29, 2004. Petition, Ex. D.

Counsel for the Department of Homeland Security has informed a deputy clerk of this Court that Efthimious was removed on August 16.

ANALYSIS

I.   The Petition Shall Be Dismissed

In Vasquez v. Reno, 233 F.3d 688 (1st Cir. 2000), cert. denied sub nom. Vasquez v. Ashcroft, 534 U.S. 816 (2001), the First Circuit held that courts in this circuit must either dismiss or transfer Section 2241 habeas petitions filed by immigration detainees when the court lacks personal jurisdiction over the petitioner's legal custodian. Id. at 696. The First Circuit defined "custodian" as the person having day-to-day control over the facility in which the petitioner is being detained, and stated that in most instances, the custodian would be the warden of the facility. Id. at 694. The

First Circuit rejected the argument that a petitioner's legal custodian could be the Attorney General, a person who would be subject to the personal jurisdiction of every federal court in the United States.[1]  Id. at 693.

Because Ethimious was confined at FDC Oakdale, a facility located in Oakdale, Louisiana, at the time he filed his petition, this Court lacks jurisdiction over the petition and must either transfer or dismiss it.  Because Efthimious has been removed, I will dismiss this action.[2]

---

[1] District courts in the Second Circuit have taken the opposite view, holding that the Attorney General may be considered the legal custodian of immigration detainees.  See, e.g., So v. Reno, 251 F. Supp. 2d 1112, 1131 (E.D.N.Y. 2003) (Attorney General was detainee's ultimate custodian and therefore an appropriate respondent in a habeas petition); Small v. Ashcroft, 209 F. Supp. 2d 294, 296 (S.D.N.Y. 2002) (same).  The order from the transferring court states that the petition was transferred because Efthimious's removal order was based on a Massachusetts conviction but does not state under what authority the case was transferred.  Cf. 28 U.S.C. § 1441(a) (venue; district court may transfer any civil action to any other district or division where it might have been brought); § 1631 (where jurisdiction is lacking, a court may transfer a case only when the receiving court will have jurisdiction over the matter).

[2] The transfer order stated, without citation to the record or any case law, that Efthimious's motion for a stay of deportation was granted.  Docket No. 3.  The record received by this Court does not indicate that Efthimious filed a motion for a stay of removal with his habeas petition, and the habeas petition itself does not seek such relief.  Rather, the petition seeks an order vacating Efthimious's removal order and directing that he be released on bond during the pendency of the petition. Petition, p. 24.  The record also does not indicate that notice of the stay of removal was communicated to the Bureau of Immigration and Customs Enforcement or to any person at Efthimious's place of confinement.

<u>CONCLUSION</u>

Based upon the foregoing, it is hereby ORDERED that this action be dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>7th</u> day of <u>October</u>, 2004.

<u>s/ Nathaniel M. Gorton</u>
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE
